# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JENNIFER W. CLOUSE,
        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency,

    and

GRACIELA CLOUSE,
        Intervenor.

DOCKET NUMBER
PH-0841-20-0146-I-2

DATE: February 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles P. Lamasa</u>, Esquire, Baltimore, Maryland, for the appellant.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM). For the reasons discussed below, we GRANT the appellant's petition for review and VACATE the initial decision. We ORDER OPM to cancel its final decision establishing a 46-month repayment schedule and to pay the appellant the remaining benefits she is owed of the $18,789.60 underpayment that accrued between July 1, 2016, and July 30, 2019.

**BACKGROUND**

¶2      The facts in this case are not disputed. On May 8, 2001, the appellant, a former Federal employee, and her husband divorced. *Clouse v. Office of Personnel Management*, MSPB Docket No. PH-0841-20-0146-I-1, Initial Appeal File (IAF), Tab 9 at 14-17. On June 30, 2016, the appellant retired under the Federal Employee Retirement System (FERS).[2] *Id*. at 18, 25. As a condition of the divorce, the parties stipulated that "the parties' Federal Employee Retirement Pensions" would be split in half for all months of creditable service during their marriage. *Id*. at 15. By court order, the Circuit Court for Baltimore County, Maryland directed OPM "to pay Former Spouse's share directly to Former Spouse." *Id*. at 10 (capitalization in original).

¶3      However, OPM initially miscalculated the annuity payments to the appellant's former spouse, resulting in an overpayment to the former spouse and an underpayment to the appellant. IAF, Tab 1 at 8-9. On or about May 2016, the appellant notified OPM of the error, and OPM ultimately agreed to take action in 2019. IAF, Tab 1 at 8, Tab 9 at 7. On January 1, 2020, OPM issued a final

---

[2] In the initial decision, the administrative judge appears to erroneously identify the appellant's retirement date as May 30, 2015, and refers to the Civil Service Retirement System (CSRS) statutes and regulations as though the appellant were a CSRS annuitant. IAF, Tab 27, Initial Decision at 2, 5, 9 & n.3. However, the appellant is a FERS annuitant. IAF, Tab 9 at 10, 18, 25.

decision stating that the appellant had "been underpaid $18,789.60 from July 1, 2016 to July 30, 2019" and that the appellant "will receive this amount, in 98 monthly installments of $190.00 with a final installment of $169.60." IAF, Tab 1 at 9-10. OPM reasoned that it would refund the underpayment according to the same schedule it used to collect its corresponding overpayment to the appellant's former spouse. *Clouse v. Office of Personnel Management*, MSPB Docket No. PH-0841-20-0146-I-2, Appeal File (I-2 AF), Tab 24 at 4.

¶4      The appellant filed a Board appeal challenging OPM's January 1, 2020 decision. IAF, Tab 1 at 5, 9-10. On May 8, 2021, while the appeal was pending before the administrative judge, OPM issued an amended award letter notifying the appellant that her "former spouse ha[d] agreed to increase [the appellant's] monthly reimbursement payments" and that she "will receive the remaining balance of $14,539.60 in 45 monthly installments of $320.00 with a final installment of $139.60." I-2 AF, Tab 16 at 4-5.

¶5      After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming OPM's final decision to pay the appellant the underpayment in 45 monthly installments and one final installment. IAF, Tab 1 at 2; I-2 AF, Tab 20, Tab 27, Initial Decision (ID) at 2, 10. In so finding, the administrative judge declined to frame the issue as one of harmful error by OPM. ID at 7. Instead, he found, in essence, that the Board lacks jurisdiction over the repayment schedule because "there is no OPM rule or regulation which would authorize OPM to pay the appellant the money she is owed in a single lump-sum payment." ID at 9. The administrative judge also found premature the appellant's argument that OPM may not refund her in full if the appellant's former spouse were to pass away before all the payments were made. ID at 9-10. He suggested that if that eventually occurs, the Board might then have jurisdiction over OPM's refusal to pay any remaining amount due. ID at 10.

¶6      The appellant has filed a petition for review of the initial decision. *Clouse v. Office of Personnel Management*, MSPB Docket No. PH-0841-20-0146-I-2,

Petition for Review (PFR) File, Tab 1. She argues that the Board has jurisdiction over all of the claims raised in her appeal regardless of the lack of any specific OPM rule or regulation on underpayments because it involves OPM's implementation of a court order affecting her rights and interests under Federal retirement laws. *Id*. at 5-7, 9-10. She asserts that because the Board has jurisdiction over her appeal, it also has jurisdiction to rule on her affirmative defense of harmful error. *Id*. at 7-9. Lastly, she argues that the administrative judge erred in finding that the appellant's claim that her former spouse may die before she is fully reimbursed was premature and that waiting to adjudicate that issue is not in the interest of justice. *Id*. at 11-12. The agency has submitted a nonsubstantive response to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    The parties here do not dispute the existence or the amount of the appellant's underpayment. IAF, Tab 1 at 8; I-2 AF, Tab 24 at 5. OPM also concedes that the court order ordering apportionment of the appellant's retirement annuity between her and her former spouse was clear, specific, and acceptable for processing and, therefore, OPM was responsible for implementing it, pursuant to 5 C.F.R. § 838.121. I-2 AF, Tab 24 at 5. Thus, the central issue in this appeal is whether the Board has the authority to order OPM to adjust its payment schedule. PFR File, Tab 1 at 5-6, 12. We find that it does.

The administrative judge erred in determining that the Board does not have jurisdiction over the appellant's possible entitlement to an adjustment of the repayment schedule.

¶8    On review, the appellant challenges the administrative judge's finding that the Board lacks jurisdiction over the appellant's repayment schedule. ID at 7-9; PFR File. Tab 1 at 5-7. The administrative judge below found that OPM's statutes and regulations do not provide a payment scheme for the payment of arrearages owed to the appellant, nor specifically allow a lump sum payment of the amount she is owed. ID at 9 & n.3. He explained that although OPM has

regulations concerning debts owed to the Civil Service Retirement and Disability Fund, no such regulations exist regarding underpayments owed to retirees or annuitants from the Fund; therefore, the Board lacks jurisdiction to order OPM to alter its current payment schedule. *Id*. We know of no statutory or regulatory provision specifically addressing the authority of the Board to review an adjustment of a repayment schedule based on a debt OPM owes to the annuitant. Nevertheless, we disagree with the administrative judge and find that the Board has jurisdiction over this appeal pursuant to 5 U.S.C. § 8461(e)(1).

¶9 Under 5 U.S.C. § 8461(e)(1), the Board has jurisdiction to review "an administrative action or order affecting the rights or interests of an individual" under FERS.[3] *Eller v. Office of Personnel Management*, 121 M.S.P.R. 551, ¶ 8 (2014). OPM is statutorily mandated to take such administrative actions, and "shall pay all [FERS] benefits" from the Civil Service Retirement and Disability Fund. 5 U.S.C. §§ 8401(6), 8461(a)-(d). Prior to retirement, FERS-covered employees contribute to the Fund through salary deductions. 5 C.F.R. § 841.504(b), (h). OPM's duties include paying the basic annuity of an eligible retiree. 5 U.S.C. §§ 8412, 8461(a). OPM is also required to pay benefits to a former spouse of an annuitant pursuant to a qualifying court order incident to a divorce decree. 5 U.S.C. § 8467(a)(1).

¶10 There is no dispute that the appellant was entitled to a basic FERS annuity beginning July 1, 2016. IAF, Tab 9 at 18-21, 25. Here, OPM's underpayment to

---

[3] We find that the administrative judge's reliance on the CSRS statutes and regulations, as opposed to FERS, in analyzing the appellant's disability retirement appeal does not affect the outcome of the appeal, as the statutes, regulations, and case law generally are parallel. *Compare* 5 U.S.C. § 8347(d) (containing the statutory provision regarding Board jurisdiction over CSRS appeals), *with* 5 U.S.C. § 8461(e) (containing the similar FERS provision); *see James v. Office of Personnel Management*, 72 M.S.P.R. 211, 216 n.3 (1996) (observing that the Board may rely on case law developed under the CSRS in deciding FERS overpayment appeals because the relevant regulations generally are parallel); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

the appellant and overpayment to her former spouse resulted from OPM's error in calculating the apportionment of the appellant's retirement annuity pursuant to a court order that was incident to their divorce decree.  IAF, Tab 1 at 9-10, Tab 9 at 15.  Thus, OPM's action affected the appellant's rights and interests under FERS and is subject to the Board's jurisdiction.  *See Miller v. Office of Personnel Management*, 99 M.S.P.R. 104, ¶¶ 8-12 (2005) (finding that a FERS annuity overpayment that resulted, not from anything related to the computation of an appellant's retirement annuity, but rather from a change in her life insurance coverage, was not an administrative action that could be appealed to the Board under 5 U.S.C. § 8361(e)(1)), *aff'd*, 449 F.3d 1374 (Fed. Cir. 2006).

¶11        Moreover, the Board has held that, if an appellant is continuing to receive CSRS or FERS annuity benefits, a reduction in that annuity to recover an overpayment would also affect her rights and interests under the CSRS or FERS, and the adjustment of the repayment schedule would be within the Board's jurisdiction.    5 U.S.C. §§ 8347(d)(1), 8461(e)(1); *see Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 9 n.4 (2013); *Alexander v. Office of Personnel Management*, 114 M.S.P.R. 122, ¶¶ 9-12 (2010) (explaining that under 5 U.S.C. § 8347(d)(1), regarding the Board's jurisdiction over CSRS matters, the Board lacks authority to adjust a repayment schedule in the absence of a CSRS annuity or other administrative payment);[4] 5 C.F.R. § 845.206 (providing that administrative offset may be made from lump sum or annuity payments, payments made to the debtor by another agency, or Federal salary).  Here, the appellant is currently receiving an annuity from OPM and seeks to adjust OPM's 46-month payment schedule for annuity payments owed her to one lump sum payment.  PFR File, Tab 1 at 12.  Therefore, her challenge to OPM's payment schedule affecting her annuity is within the Board's jurisdiction.

---

[4] Because the "rights or interests" language of 5 U.S.C. § 8347(d)(1), under CSRS, is identical to the language in 5 U.S.C. § 8461(e)(1), under FERS, we find the reasoning in *Alexander* is applicable to cases arising under FERS.

OPM's final decision must be canceled, and the appellant must be restored to the status quo ante.

¶12      OPM has conceded that the appellant was underpaid $18,789.60 in annuity benefits to which she is entitled. IAF, Tab 1 at 9-10. Therefore, because we have found that we have jurisdiction over the appeal and OPM has conceded its liability, we order OPM to cancel its final decision and return the appellant to status quo ante.

¶13      The Board's enforcement authority includes the power to restore an appellant, as nearly as possible, to the status quo ante. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). In *Kerr* the U.S. Court of Appeals for the Federal Circuit explained that "the Supreme Court long ago stated that," "the general rule is, that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury . . . . The injured party is to be placed, as near as may be, in the situation [she] would have occupied if the wrong had not been committed." *Id.* at 733 n.3 (quoting *Wicker v. Hoppock*, 73 U.S. 94, 99 (1867)). Therefore, when the Board orders OPM's final decision canceled, as we do here, complete rescission of the action and a return to status quo ante requires OPM to refund money that had previously been withheld to the appellant if she has an interest in it under FERS. *See Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶¶ 2-4, 10-11 (2016) (finding that a retirement appeal was not moot when OPM claimed that it rescinded its final decision but failed to pay to the deceased annuitant's beneficiaries the amount it had previously withheld from the decedent). Thus, we order OPM to pay the appellant the remaining benefits she is owed from the original $18,789.60 underpayment from July 1, 2016, to July 30, 2019.[5]

---

[5] Because we are ordering OPM to cancel its final decision and pay the appellant the remaining benefits she is owed, we need not reach her remaining arguments on review regarding OPM exercising its statutory power to enact regulations regarding repayment of debts it owes to annuitants and alleged harmful error. We also find it unnecessary to

**ORDER**

¶14    We ORDER OPM to cancel its final decision establishing a 46-month repayment schedule and pay the appellant the remaining benefits she is owed from the $18,789.60 underpayment from July 1, 2016, to July 30, 2019.  OPM must complete this action no later than 20 days after the date of this decision.

¶15    We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶16    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  5 C.F.R. § 1201.182(a).

¶17    This is the final decision of the Merit Systems Protection Board in this appeal.  5 C.F.R. § 1201.113(c).

**NOTICE TO THE APPELLANT**
**REGARDING YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4).  The regulations may be found at 5 C.F.R.

---

address the appellant's argument that the administrative judge erred in finding that issues tied to the future death of her former spouse were premature.

§§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:             /s/ for
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.